# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONY TAYLOR,<br><br>            Plaintiff,<br><br>     v.<br><br>IRS,<br><br>            Defendant. | Case No. 1:22-cv-01246-SAB<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DENYING MOTION FOR APPOINTMENT OF COUNSEL AND DISMISSING ACTION<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE<br><br>(ECF Nos. 1, 4, 5)<br><br>**OBJECTIONS DUE WITHIN 14 DAYS** |

### I.

### INTRODUCTION AND BACKGROUND

Plaintiff Tony Taylor ("Plaintiff"), is a state prisoner proceeding *pro se* and *in forma pauperis* in this action against the Department of Treasury, Internal Revenue Service ("IRS"). (ECF No. 1.) On February 27, 2023, the Court screened Plaintiff's complaint and found it did not state a cognizable claim. (ECF No. 4.) The Court ordered Plaintiff to file an amended complaint on or before April 3, 2023. (Id.) On March 22, 2023, Plaintiff filed what is entitled a motion to dismiss, and/or appoint counsel. (ECF No. 5.) For the reasons explained herein, the Court recommends Plaintiff's complaint be dismissed without the appointment of counsel, and this action be closed.

## II.

## SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding *pro se* in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678–79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## III.

## ALLEGATIONS

The Court accepts Plaintiff's allegations in the complaint as true only for the purpose of the *sua sponte* screening requirement under 28 U.S.C. § 1915.

2

1       Plaintiff seeks receipt of economic impact payments ("EIPs") purportedly due under the
2  Coronavirus Aid, Relief, and Economic Security Act ("CARES Act").  (Compl., ECF No. 1 at
3  1.)  Plaintiff received a letter from the IRS, dated November 18, 2021 and signed by Department
4  Manager Charles Matthews.  (Id.; Ex. 1, ECF No. 1 at 4–5.)  The letter is addressed to "Tony D.
5  Taylor," with Plaintiff's prison identification number and Plaintiff's prison address.  (ECF No. 1
6  at 4; see also id. at 1; Ex. 2, ECF No. 1 at 6; Ex. 4, ECF No. 1 at 8–9.)  The letter is responsive to
7  an inquiry purportedly made by Plaintiff on or around January 21, 2021.  (ECF No. 1 at 4.)  The
8  letter states three payments were made to Plaintiff, in the amounts of: (1) $1,200 on May 13,
9  2020; (2) $600 on January 4, 2021; and (3) $1,400 on April 7, 2021.  (Id.)  However, the letter
10 states the first EIP was offset to a debt owed to another agency.  (Id. at 1, 4.)  The letter also
11 states the IRS has no record of receiving a 2019 or 2020 tax return from Plaintiff.  (Id. at 4.)
12 Plaintiff alleges he never received the second EIP but he did receive the third EIP.  (Id. at 2.)  A
13 copy of Plaintiff's prison trust account statement also indicates a payment of $1,400 was added
14 to Plaintiff's trust account on May 5, 2021, and placed in a lockbox.  (Id. at 2–3, 11, 12.)

15      On May 11, 2022, Plaintiff mailed a certified letter to Mr. Matthews at the IRS, in which
16 he indicated there was a mistake that needed to be corrected.  (Id. at 2, 8–9; Ex. 5, ECF No. 1 at
17 10.)  More specifically, Plaintiff's letter states he never made an inquiry dated January 21, 2021;
18 his full name is only "Tony Taylor," not "Tony D. Taylor"; he never received the first two EIPs;
19 the taxpayer ID/social security number is not his; and he disputed the offset of the first payment,
20 on the basis that he "never owed anyone."  (ECF No. 1 at 8.)  Though the letter does not request
21 payment of the EIPs, Plaintiff requests the disputed matters "be corrected," and he requests
22 further information on the agency to which the first EIP was offset and the address to which the
23 other EIPs were made.  (Id. at 9.)  Plaintiff alleges he never received a response to this letter.
24 (Id. at 2.)

25      On July 12, 2022, Plaintiff mailed a second letter to Mr. Matthews at the IRS, in which
26 he informed Mr. Matthews of his intent to file a lawsuit to seek recovery of the missing EIPs.
27 (Id.; Ex. 6, ECF No. 1 at 11; Ex. 7, ECF No. 1 at 10.)  Plaintiff alleges he has also received no
28 response to his second letter.  (ECF No. 1 at 2.)

1 Thus, Plaintiff asserts he did not receive the first or second EIPs. (See id.) He brings this
2 action seeking payments in the amount of $6,800.00. (Id. at 3.)

## IV.

## DISCUSSION

**A. Findings Made in Initial Screening Order Regarding Applicable Law**

1. Jurisdiction Under 28 U.S.C. § 1346(a)

"It is well settled that the United States is a sovereign, and, as such, is immune from suit unless it has expressly waived such immunity and consented to be sued." Gilbert v. DaGrossa, 756 F.2d 1455, 1458 (9th Cir. 1985). "The waiver of sovereign immunity is a prerequisite to federal-court jurisdiction." Tobar v. U.S., 639 F.3d 1191, 1195 (9th Cir. 2011). If a plaintiff cannot establish that its action against the United States falls within a waiver of sovereign immunity, the action must be dismissed. See Dunn & Black, P.S. v. U.S., 492 F.3d 1084, 1088 (9th Cir. 2007).

Congress has waived the United States' sovereign immunity with respect to civil actions seeking a refund or credit on overpaid taxes. See 28 U.S.C. § 1346(a)(1); see also Imperial Plan, Inc. v. U.S., 95 F.3d 25, 26 (9th Cir. 1996). However, individuals bringing such suits must meet a number of requirements for the waiver of sovereign immunity to apply. Congress has specified that:

> No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected … until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof.

26 U.S.C. § 7422(a).

Simply put, before filing suit in federal court for credit or refund of overpaid taxes, a taxpayer must first comply with the tax refund scheme established in the Code by filing an administrative claim with the IRS. U.S. v. Clintwood Elkhorn Min. Co., 553 U.S. 1, 4 (2008); Omohundro v. U.S., 300 F.3d 1065, 1066 (9th Cir. 2002); see 26 U.S.C. § 7422(a). More specifically, the taxpayer must file a claim for refund, which the IRS then either rejects or does

4

not act upon within six months. Thomas v. U.S., 755 F.2d 728, 729 (9th Cir. 1985) (citations omitted).

Treasury Regulations establish a number of additional requirements for claims for tax refunds. "If the refund claim does not meet the requirements of the Code and the regulations, the suit must be dismissed because filing pursuant to the rules is a jurisdictional prerequisite." Boyd v. U.S., 762 F.2d 1369, 1371 (9th Cir. 1985) (citations omitted); see Washington v. U.S., No. 20-cv-5801-TSH, 2021 WL 199279, at *5–8 (N.D. Cal. Jan. 20, 2021) (dismissing refund-related cause of action for failure to show plaintiff made a proper administrative claim with the IRS); Trakhter v. U.S., No. 20-cv-02282-SI, 2020 WL 3971621 (N.D. Cal. Jul. 14, 2020) (dismissing refund suit for failure to comply with jurisdictional prerequisites); Catholic Answers, Inc. v. U.S., No. 09-CV-670-IEG (AJB), 2009 WL 3320498, at *6 (S.D. Cal. Oct. 14, 2009) ("Filing a claim for refund in compliance with 26 U.S.C. § 7422(a) and Treasury Regulation § 301.6402-2(b)(1) is a jurisdictional prerequisite to a suit for a refund.") (citation omitted).

For example, a refund claim "must set forth in detail each ground upon which a credit or refund is claimed and facts sufficient to apprise the Commissioner of the exact basis thereof." 26 C.F.R. § 301.6402-2(b); see also Provenzano v. U.S., 123 F. Supp. 2d 554, 557–58 (S.D. Cal. 2020) (dismissing plaintiff's suit for refund for failure to comply with jurisdictional prerequisites, including a failure to "provide sufficient detail" in the claim submitted to the IRS). Dunn & Black, 492 F.3d at 1091 ("[T]he taxpayer cannot recover in its suit for refund *on a different ground than that set forth in the claim for refund*.") (emphasis in original) (citation omitted). "The statement of the grounds and facts must be verified by a written declaration that it is made under the penalties of perjury," or it "will not be considered for any purpose as a claim for refund or credit." 26 C.F.R. § 301.6402-2(b).

The refund claim must also be filed with the IRS within the time limits established by the Internal Revenue Code. N. Life Ins. Co. v. U.S., 685 F.2d 277, 279 (9th Cir. 1982) ("The filing of a timely claim is jurisdictional for a refund suit and cannot be waived."); see also Clintwood Elkhorn Min. Co., 553 U.S. at 5 (quoting U.S. v. Dalm, 494 U.S. 596, 602 (1990)) ("unless a claim for refund of a tax has been filed within the time limits imposed by § 6511(a), a suit for

refund … may not be maintained in any court."). The IRS regulations require that the administrative claim must be filed within three years from the time the return was filed or two years from the time the tax was paid, whichever expires later. See 26 U.S.C. § 6511(a); 26 C.F.R. § 301.6402-2(a). Further, this statute of limitations is not tolled due to equitable principals. See Danoff v. U.S., 324 F. Supp. 2d 1086, 1099 (C.D. Cal. Apr. 7, 2004) ("courts uniformly have held that equitable principles, including the doctrine of equitable estoppel, cannot toll statutes of limitation in tax refund suits") (citing U.S. v. Brockamp, 519 U.S. 347, 348 (1997) and collecting cases).

For some claims, Treasury Regulations require that the refund claim be made on a specific, prescribed form. 26 C.F.R. § 301.6402-2(b), (c); see also 26 C.F.R. § 301.6402-2(a)(2) ("if a taxpayer is required to file a claim for credit or refund using a particular form, then the claim, together with appropriate supporting evidence, shall be filed in a manner consistent with such form, form instructions, publications, or other guidance found on the IRS.gov Web site."). For example, individuals can claim an income tax refund on the individual's income tax return or, if the individual has already filed a Form 1040 or 1040A, on a Form 1040X. 26 C.F.R. § 301.6402-3.

These requirements were "devised, not as traps for the unwary, but for the convenience of government officials in passing upon claims for refund and in preparing for trial." Tucker v. Alexander, 275 U.S. 228, 231 (1927). Accordingly, when assessing suits for refund, courts remain "mindful that the basic purpose of § 7422(a) and the accompanying regulations are 'to afford the Service an opportunity to consider and dispose of the claim without the expense and time which would be consumed if every claim had to be litigated' … and 'to prevent surprise on the facts.' " Lemoge v. U.S., 378 F. Supp. 228, 232 (N.D. Cal. 1974) (citations omitted).

2. Economic Impact Payments (EIPs)

The CARES Act, codified in part at Section 6428 of the Internal Revenue Code, 26 U.S.C. § 6428, establishes a mechanism for the IRS to issue EIPs to eligible individuals in the form of a tax credit. Scholl v. Mnuchin, 489 F. Supp. 3d 1008, 1020 (N.D. Cal. 2020), appeal dismissed, No. 20-16915, 2020 WL 9073361 (9th Cir. Nov. 20, 2020). Specifically, the CARES

Act established a tax credit for eligible individuals in the amount of $1,200 ($2,400 if filing a joint return), plus $500 multiplied by the number of qualifying children. 26 U.S.C. § 6428(a). The tax credit was authorized to be distributed as an advance refund on 2020 taxes. 26 U.S.C. § 6428(f). The Consolidated Appropriations Act of 2021 ("CAA") authorized a second tax credit of $600, which also was authorized to be paid as an EIP. 26 U.S.C. §§ 6428A(a), (f). The American Rescue Plan of 2021 ("ARPA") directed EIPs in the amount of $1,400 to eligible individuals. 26 U.S.C. §§ 6428B(a)–(d). Finally, Congress provided that "[n]o refund or credit shall be made or allowed under this subsection after December 31, 2020." 26 U.S.C. § 6428(f)(3)(A).

The CARES Act also has a reconciliation provision between the advance refund and the tax credit such that if a taxpayer receives an advance refund of the tax credit, then the amount of the credit is reduced by the aggregate amount of the refund. 26 U.S.C. § 6428(e). Finally, the CARES Act delegates to the Secretary of the Treasury the authority to "prescribe such regulations or other guidance as may be necessary to carry out the purposes of this section, including any such measures as are deemed appropriate to avoid allowing multiple credits or rebates to a taxpayer." 26 U.S.C. § 6428(h).

**B.  Findings as to Application of Law to Plaintiff's Complaint**

Here, Plaintiff is currently incarcerated and claims he was supposed to receive the first and second EIPs, for a total combined amount of $1,800.[1]  (ECF No. 1 at 2–3.) This allegation suggests Plaintiff is referring to the EIPs distributed pursuant to the CARES Act and the CAA in the amounts of $1,200 and $600, respectively. 26 U.S.C. §§ 6428(a), (f). For relief, Plaintiff seeks an order requiring the IRS to provide him the EIPs of $1,200 and $600, plus interest and costs in the amount of $5,000, for a total of $6,800. (ECF No. 1 at 1.)

1.  <u>Jurisdiction</u>

As an initial matter, however, the Court cannot determine from this record that it has

---

[1] Plaintiff does not seek recovery of the third EIP (in the amount of $1,400 pursuant to the ARPA). 26 U.S.C. §§ 6428B(a)–(d). Indeed, Plaintiff's inmate trust account statement indicates he received an EIP in the amount of $1,400 on May 5, 2021, which Plaintiff indicates was his third stimulus payment pursuant to ARPA. (ECF No. 1 at 12.)

7

jurisdiction over Plaintiff's tax claim.  This is because it does not appear that Plaintiff filed the requisite administrative claim as required by § 6511 in order to confer this court with jurisdiction over his claims related to the tax returns.  26 C.F.R. §§ 301.6402-2(b), (c); see also 26 C.F.R. § 301.6402-2(a)(2).  An independent review of the IRS.gov website confirms that persons seeking to recover the first and second EIPs are directed to file a 2020 federal tax return.[2]  However, Plaintiff has not alleged that he filed a tax return; the IRS letter states he did not, and Plaintiff also does not contest that point in his subsequent correspondences to the IRS.  Nor does Plaintiff otherwise allege exhaustion of his administrative remedies.[3]

Again, this is significant because, as the Court noted, a taxpayer cannot recover in a lawsuit "for refund on a different ground than that set forth in the claim for refund."  Dunn & Black, 492 F.3d at 1091 (emphasis and citation omitted).  In other words, Plaintiff can only sue in this Court based on substantially the same claim presented to the IRS.  See Catholic Answers, Inc., 2009 WL 3320498, at *6 ("If the grounds raised in a refund suit are at 'variance' with those presented to the IRS in a claim for refund, the added grounds must be disregarded.") (citations omitted).

To that point, Plaintiff's letter of intent to sue (see ECF No. 1 at 11) cannot be construed as satisfying the administrative claim form requirement because it does not set out the grounds for Plaintiff's claim, and it does not include a written declaration that it is made under the penalty of perjury.  26 C.F.R. § 301.6402-2(b).  Further, it is not apparent from the exhibits attached to the complaint that the correspondences exchanged between Plaintiff and Mr. Matthews are related to an administrative claim filed under § 6511; rather the letters appear to derive from an informal inquiry process.  For this reason, as well, the Court cannot construe Plaintiff's correspondences to be a "duly filed" a claim with the IRS in accordance with the provisions of §

---

[2] See IRS, https://www.irs.gov/newsroom/recovery-rebate-credit-topic-a-claiming-the-recovery-rebate-credit-if-you-arent-required-to-file-a-2020-tax-return (last updated Apr. 13, 2022) (last visited Feb. 23, 2023).

[3] For example, Plaintiff does not indicate whether he verified by written declaration that his claim was submitted under penalty of perjury; he does not attach any documents to support his assertion of submitting an administratively-compliant claim; and he does not identify what evidence, if any, he submitted to the IRS with his administrative claim.  26 C.F.R. § 301.6402-2(b); Provenzano, 123 F. Supp. 2d at 557–58; Dunn & Black, 492 F.3d at 1091.

1  6511.

2  Thus, Plaintiff has not alleged sufficient facts to establish the Court has jurisdiction over
3  this action.

4      2.    <u>Claim for Economic Impact Payments (EIPs)</u>

5  Even assuming Plaintiff can establish jurisdiction, however, the Court is not persuaded
6  Plaintiff has alleged sufficient facts to establish entitlement to the relief he seeks pursuant to the
7  applicable EIP statutes. As noted above, the CARES Act imposed a deadline of December 31,
8  2020, for EIPs to be made or allowed. 26 U.S.C. § 6428(f)(3)(A). That deadline passed well
9  before Plaintiff initiated this case on September 29, 2022, and no more funds may be issued.

10 In addition, with respect to the first EIP, the Court notes the Act includes express
11 provisions permitting offsets or reductions from the EIP check. <u>See</u>, <u>e.g.</u>, 26 U.S.C. § 6402(c)
12 (offset of past-due support against overpayments for debts owed to federal agencies, OASDI
13 overpayments, legally enforceable state income tax obligations, etc.). Plaintiff acknowledges his
14 first EIP was offset to a debt owed to another agency, but he has not alleged facts relating to the
15 propriety of the offset for the Court to consider; thus, with respect to the first EIP, it is uncertain
16 whether Plaintiff can establish entitlement to that payment. Furthermore, any tax rebate Plaintiff
17 might be eligible for must be applied for through his tax return, as it is the responsibility of the
18 IRS, not the Court, to make determinations on rebate or credit eligibility. 26 U.S.C. §
19 6428(f)(3)(B). As Plaintiff did not file a tax return or allege further facts related to his claim, the
20 Court cannot say he has established a cognizable claim for the EIPs at this time.

21     **C.**    **The Court Recommends this Action be Dismissed Rather than Granting Plaintiff's Motion to Appoint Counsel**
22

23 After the Court served its screening order, on March 22, 2023, Plaintiff filed a motion to
24 dismiss and/or appoint counsel. (ECF No. 5.) Plaintiff indicates he is not suited to proceed with
25 the jargon that is required in this case. (<u>Id.</u>) Therefore, Plaintiff requests that counsel be
26 appointed, and/or this action be dismissed. Plaintiff did not file an amended complaint, nor did
27 Plaintiff indicate any dispute with the factual or legal grounds that the Court based its screening
28 order upon.

9

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require any attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989).  However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1).  Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases.  In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved."  Id. (internal quotation marks and citations omitted).

Based on a review of the initially filed complaint and the Plaintiff's motion, the Court does not find the required exceptional circumstances present in this case.  Even if Plaintiff is not well versed in the law and it is assumed has made serious allegations which, if proved, would entitle him to relief, this case is not exceptional.  The Court is faced with similar cases almost daily.  While the Court recognizes that Plaintiff is at a disadvantage due to his *pro se* status and her incarceration, the test is not whether Plaintiff would benefit from the appointment of counsel. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986) ("Most actions require development of further facts during litigation and a pro se litigant will seldom be in a position to investigate easily the facts necessary to support the case.")  The test is whether exceptional circumstances exist and here, they do not.  Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.

Based on a review of the complaint in this case, including the detailed letters attached to the complaint, the Court finds Plaintiff can adequately articulate his claims. (See ECF No. 1 at 1-3, 8-9, 11.)  Further, at this stage of the proceedings, it does not appear Plaintiff is likely to successfully proceed on the merits of his claim, based on the findings made in the Court's initial screening order.  Plaintiff did not dispute any of the factual or legal grounds that the Court found

mandated dismissal of this action, and instead filed the motion for appointment of counsel, or in the alternative, dismissal of this action.  Accordingly, the Court finds Plaintiff's motion for the appointment of counsel shall be denied, and recommends this action be dismissed.[4]

## V.

## RECOMMENDATION AND ORDER

Based on the foregoing, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's motion for appointment of counsel be DENIED;

2. The complaint (ECF No. 1) be DISMISSED without leave to amend; and

3. The Clerk of the Court be directed to CLOSE this case.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304.  Within **fourteen (14) days** of service of these recommendations, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS FURTHER ORDERED that the Clerk of the Court be DIRECTED to randomly assign a District Judge to this action.

IT IS SO ORDERED.

Dated:  **April 11, 2023**

UNITED STATES MAGISTRATE JUDGE

---

[4] The Court typically adjudicates motions for appointment of counsel by order rather than recommendation.  However here, given the Court issued its screening order, and the manner in which Plaintiff filed a motion to appoint counsel and/or dismiss this action, the Court finds it prudent to issue a recommendation that the motion for appointment of counsel be denied, and that this action be dismissed in light of the Court's previous screening order.